WILLIAM H. PARSONS, RESPONDENT, *v.* SOLON TAYLOR, APPELLANT.

*Exchange of property — decision of umpires — forfeit — liquidated damages — wager contract.*

The plaintiff and defendant having been negotiating for an exchange of certain articles of personal property, it was agreed to leave it to two persons, one to be selected by each, to decide how they should exchange, and that if either refused to abide by their decision he should forfeit ten dollars to the other. The umpires having decided that defendant should pay to the plaintiff $115 on the exchange, and he having refused so to do, the plaintiff brought this action to recover the ten dollars. *Held,* that by the agreement the ten dollars were liquidated damages; that the agreement was not void as a wager contract, and that plaintiff was entitled to recover.

APPEAL from a judgment of the Chautauqua County Court, affirming a judgment rendered in a Justice's Court in favor of the plaintiff.

*J. G. Record,* for the appellant.

*J. A. Parsons,* for the respondent.

SMITH, J.:

No testimony was introduced by the defendant on the trial before the justice, and the case made by the testimony on the part of the plaintiff was this: The parties having been in negotiation for an exchange of property without coming to terms, agreed to leave it to two other men, one to be chosen by each of the parties, to decide how they should trade, and if either refused to abide by their decision he should forfeit to the other the sum of ten dollars. The plaintiff's property was a horse, buggy and harness, and the defendant's was a watch. In pursuance of the agreement each party chose a man, and put into his hands the property which he proposed to trade. The men thus selected, examined and appraised the property, valuing the plaintiff's horse, buggy and harness at $230, and the defendant's watch at $115, and they decided that the defendant should pay the plaintiff $115 on an exchange of the property.

The defendant refused to abide by the decision, and neglected to pay the ten dollars forfeit money, for which sum this suit was brought, and the plaintiff recovered.

The judgment was clearly right. The parties mutually promised to abide by the decision of the umpires, or in other words, to exchange at their valuation, or pay ten dollars by way of damages; and the promise of each was a good consideration for the promise of the other. So, also, was the delivery by each, of his property, into the hands of the umpire, to be examined and valued, in pursuance of the agreement. The sum fixed was obviously intended not as a mere penalty, but as liquidated damages, there being but a single act to be performed by either party, and the damages being uncertain, such as loss of time, inconvenience and trouble in and about selecting the umpires and getting them together, and attending before them with the property for the purpose of appraisal. (*Astley* v. *Weldon*, 2 B. & P., 346; *Dakin* v. *Williams*, 17 Wend., 447; *Williams* v. *Dakin*, 22 id., 201; *Cotheal* v. *Talmage*, 5 Seld., 551; *Clement* v. *Cash*, 21 N. Y., 253.)

It is suggested, in the points submitted by the counsel for the appellant, that the agreement sued on was a wager contract, and therefore the money claimed cannot be recovered. It is difficult to see that any element of hazard or chance entered into the agreement. The counsel cites *Ruckman* v. *Pitcher* (1 N. Y., 392), and *Bigelow* v. *Benedict* (9 Hun, 429). The first was an action to recover back money bet upon a horse-race and paid over by the stakeholder. The second was brought upon a contract to sell and deliver gold coin at a stipulated price at a future day. On demurrer the contract was held to be a mere bet or wager contract, but subsequently, on trial at the Circuit, without a jury, the court found, as matter of fact, that the contract was made by the defendant in the usual course of his business as a banker, and was not a betting contract, and the plaintiff had judgment which was affirmed on appeal to the General Term. The judgment has also been affirmed, recently, by the Court of Appeals. (5 Weekly Digest, 82.) The rule laid down in that and in other cases there cited, is that where an optional contract for the sale of property is made and there is no intention on the one side to sell or deliver the property, or on the other to buy or take it, but merely that the difference should

be paid according to the fluctuation in market values, the contract would be a wager within the statute. But in the present case the agreement was to exchange properties at the valuations which would be put upon them by the umpires, or to pay stipulated damages. The property was in existence, and was owned by the respective parties, and an actual exchange was intended. The only uncertainty related to the valuations, but they were to depend not on chance, but upon the judgment of the umpires to be formed after an examination of the property. If, however, the agreement by any proper construction could be regarded as a gaming contract, the justice must be presumed to have held that it was not so intended in fact, but that it was a mode adopted by the parties in good faith for the purpose of effecting an exchange, and the evidence well warrants that conclusion.

The objections taken to certain rulings of the justice upon questions of evidence have no merit. The award was a collateral matter, and parol evidence of its contents was properly received. The question put to the witness Ellis, one of the umpires, whether he had a right to examine the buggy, was wholly immaterial, and his answer, "I suppose so," though irrelevant and improper, did no possible harm.

The judgment of the County Court should be affirmed.

Present — TALCOTT, P. J., SMITH and MERWIN, JJ.

Judgment affirmed.